**FILED**

MAY - 8 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

James Stephen Jones,       §
      Plaintiff,       §
                §
                §
v                §
                §
U.S. Department of Justice,       §
      Defendant       §

Case: 1:07-cv-00852
Assigned To : Unassigned
Assign. Date : 5/8/2007
Description: FOIA/Privacy A...

*CASE RE-ASSIGNED TO: ... JUN 2 9 2007 ... HHK*

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

**1.** This is an action under the Freedom if Information act ("FOIA"), 5 USC §552 et SeQ., to order production of agency records, consisting of criminal case proceedings of plaintiff Jones [USA v Jones, USDC No. W-91-CR-055] **Where**:

    a. Plaintiff Jones was present before U.S., District Judge, Walter S. Smith,Jr.; **and**

    b. Where Judge Smith calculated my sentence using lab equipment seized at Axtell, Texas labsite in April,1991; **and**

    c. Where Judge Smith, in my presence, made a finding that the amount of controlled substances seized did not reflect the scale of the offense.

**2.** This court has jurisdiction over the action pursuant to 5 USC §552(a)(4)(b).

**3.** Plaintiff James Stephen Jones is an inmate incarcerated at Beaumont FCI-Low, P.O.Box 26020, Beaumont, Texas 77720-6020. He is the requestor of the withheld records.

**4.** Defendant United States Department of Justice ["DOJ"] is an agency of the United States, and it has declared that these records exists and has possession and control over the records that plaintiff Jones seeks, their address

RECEIVED
APR 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*1*

being: Executive office for United States Attorney's, office of the Director, FOIA/Privacy Act requests room 7100,600 E. Street, NW, Washington, DC. 20530-0001.

**5.** By certified mail no. 7003 1680 0005 0389 6226; and 7003 1680 0005 6240 mailed to the FOIA staff of the U.S. Attorney's office [EX"A","B"] plaintiff requested agency records [described in paragraph 1,herein] that the defendants used against plaintiff Jones to deny him 18 USC §3582(c)(2) relief, [EX"C"], which the district court adopted, [EX"D"], and the Fifth Circuit affirmed, [EX"E"].

**6.** By certified mail 7004 2510 0004 2935 9759 on December 22,2005 plaintiff notified U.S. Attorney General Alberto Gonzales of the use of non-existent records by his subordinates, [EX"F"].

**7.** The defendants, including U.S. Attorney General Alberto Gonzales failed to respond/request for FOIA records and/or intervene.

**8.** Plaintiff Jones seeks expedited review of the instant case pursuant to **Electronic Privacy Information Center v FBI**, 865 F.Supp 1,2,(D.D.C.1994) because the information sought is news worthy; involves questions about the government's integrity and plaintiff's substantial due process right will be jiopardized by the defendants' using agency records [as described, herein, par. 1] that directly contradicts their precious position, statements, arguments and submitted evidence, including: 1) Petitioner's PSI [EX"G"]; 2) Government's 1992 direct appeal reply [EX"H"]; 3) District Judges July 24,2001 §2255 ruling [EX"I"]..

These records, plaintiff Jones seeks, raises serious questions about the governments integrity and are newsworthy and this complaint should be expedited.

**WHEREFORE** Plaintiff Jones prays that this court:

    1) Declare that defendant's refusal to disclose the requested agency records is unlawful;

    2) ORDER defendant's to make the requested agency records immediately available to the plaintiff;

3) Appoint counsel for plaintiff pursuant to Fed.R.CV. Pro. Local rule 83.11;

4) Grant such other and further relief as the court may deem just and proper.

Respectfully Submitted,

James Stephen Jones
Reg. #56081-080
P.O.Box 26020
Beaumont, Texas 77720-6020

Dated: April 11 ,2007.

## GENUINENESS OF DOCUMENTS

I James Stephen Jones hereby declare under penalty of perjury that exhibits A through    Attached herein are true and correct copies as represented in plaintiff's herein FOIA complaint.

EXECUTED on this the    11  day of April,2007.

James S. Jones

CERTIFIED #7003 1680 0005 0389 6226

United States Attorney's Office
Western District of Texas
F.O.I.A. / Privacy Act Request
800 Franklin, Suite 280
Waco, TX 76701


          Re:  Freedom of Information Act / Privacy Act Request of my Personal Files
               in USA v. Jones, USDC No. W-91-CR-055


Dear:

     My name is James Stephen Jones.  I am incarcerated at Beaumont FCI-Low.
On October 9, 1991 I was sentenced in the Waco Division of the Western
District of Texas, to 260 months.
     On July 24, 2003 I filed a 18 USC §3582(c) motion.  On October 3, 2003
Mark L. Frazier, AUSA filed a "Government's Supplemental Response to
Defendant's Motion to Modify Term of Imprisonment pursuant to 18 USC §3582(c)
which on page 1-2 states:

        "The amount of methamphetamine that reasonable could have been
        manufactured at the lab site using the chemicals as well as the lab
        equipment found at the site, was well in excess of 1000 grams."
        (emphasis in original)

     This is a request under the Freedom of Information Act, 5 USC §552 and
Privacy Act 5 USC §552a.

     I request that a copy of the following documents containing the following
information by provided to me:

I.  Criminal case proceedings of my case, USA v. Jones, USDC No. W-91-CR-055
    where:

    a. I was present before the U.S. District Judge Walter S. Smith, Jr.,
       and;

    b. Judge Smith calculated my sentence using the lab equipment seized
       at Axtell, TX labsite in April, 1991; and

    c. Where Judge Smith, in my presence, made a finding that the amount
       of controlled substances seized did not reflect the scale of the
       offense.

     In order to help determine my status to assess fees, you should know
that I am a individual seeking information for personal use and not for a
commercial use.

     I am aware that I am entitled to make this request under the Freedom
of Information / Privacy Act, and if your agency response is not satisfactory,
I am prepared to make an administrative appeal.  Please indicate to me the
name of the official to whom such appeal should be addressed.

07 0852

FILED

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex "A"

7003 1680 0005 0389 6226

I am aware that if my request is denied I am entitled to know the grounds for this denial.

I am aware that while the law allows your agency to withhold  specific categories of exempted information, you are required by law to release any segregable portions that are left after the exempted material has been deleted from the data that I am seeking.

I am willing to pay for fees for this request up to a maximum of $25.00. If you estimate that the fees will exceed this limit, please inform me first.

I request expeditious processing of this request because:

1. The information requested is exceptionally news worthy; and

2. The information sought involves "questions about the government's integrity."

The Department of Justice provides expeditious processing (memorandum from United States Dep't of Justice, office of Public Affairs (Feb 3, 1945)). See, also, **Electronic Privacy Information Center v. F.B.I.**, 865 F.Supp 1 (D DC 1994).

I expect a reply within the statutory prescribed time limits of 20 days.

I have attached a certificate of Identity.

october 17, 2005

Sincerely,

James Stephen Jones
Reg. No. 56081-080
P.O. Box 26020
Beaumont, TX 77720-6020

CERTIFIED #7003 1680 0005 0389 6240

Executive Office for United States Attorney's
F.O.I.A./PA Act Staff
600 E. Street, N.W. Room 7300
Washington, D.C.  20530

Re: Freedom of Information Act / Privacy Act Request of my Personal Files
in USA v. Jones, USDC No. W-91-CR-055

Dear:

My name is James Stephen Jones.  I am incarcerated at Beaumont FCI-Low.
On October 9, 1991 I was sentenced in the Waco Division of the Western
District of Texas, to 260 months.
On July 24, 2003 I filed a 18 USC §3582(c) motion.  On October 3, 2003
Mark L. Frazier, AUSA filed a "Government's Supplemental Response to
Defendant's Motion to Modify Term of Imprisonment pursuant to 18 USC §3582(c)
which on page 1-2 states:

"The amount of methamphetamine that reasonable could have been
manufactured at the lab site using the chemicals as well as the lab
equipment found at the site, was well in excess of 1000 grams."
(emphasis in original)

This is a request under the Freedom of Information Act, 5 USC §552 and
Privacy Act 5 USC §552a.

I request that a copy of the following documents containing the following
information by provided to me:

I. Criminal case proceedings of my case, USA v. Jones, USDC No. W-91-CR-055
where:

a. I was present before the U.S. District Judge Walter S. Smith, Jr.,
and;

b. Judge Smith calculated my sentence using the lab equipment seized
at Axtell, TX labsite in April, 1991; and

c. Where Judge Smith, in my presence, made a finding that the amount
of controlled substances seized did not reflect the scale of the
offense.

In order to help determine my status to assess fees, you should know
that I am a individual seeking information for personal use and not for a
commercial use.

I am aware that I am entitled to make this request under the Freedom
of Information / Privacy Act, and if your agency response is not satisfactory
I am prepared to make an administrative appeal.  Please indicate to me the
name of the official to whom such appeal should be addressed.

I am aware that if my request is denied I am entitled to know the grounds

07 0852

**FILED**

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



7003 1680 0005 0389 6240

for this denial.

I am aware that while the law allows your agency to withhold specific categories of exempted information, you are required by law to release any segregable portions that are left after the exempted material has been deleted from the data that I am seeking.

I am willing to pay for fees for this request up to a maximum of $25.00. If you estimate that the fees will exceed this limit, please inform me first.

I request expeditious processing of this request because:

1. The information requested is exceptionally news worthy; and

2. The information sought involves "questions about the government's integrity."

The Department of Justice provides expeditious processing (memorandum from United States Dep't of Justice, office of Public Affairs (Feb 3, 1945)). See, also, **Electronic Privacy Information Center v. F.B.I.**, 865 F.Supp 1 (D DC 1994).

I expect a reply within the statutory prescribed time limits of 20 days.

I have attached a certificate of Identity.

October 12, 2005

Sincerely,

James Stephen Jones
Reg. No. 56081-080
P.O. Box 26020
Beaumont, TX 77720-6020

# Certification of Identity



U.S. Department of Justice

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _JAMES STEPHEN JONES_

Current Address _PO BOX 26020 BEAUMONT, TEXAS 77720-6020_

Date of Birth _11-4-53_

Place of Birth _McLennan County, Texas_

Social Security Number [2] _Unknown, been locked up 14+ years_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Date _October 12, 2005_

Signature [3] _John S. J_

---

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

---

1 Name of individual who is the subject of the record sought.
2 Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
3 Signature of individual who is the subject of the record sought.

FORM

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/01

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

UNITED STATES OF AMERICA,     §
    Respondent     §
         §
V.     §
         §
         §    CRIMINAL NO.  W-91-CR-055
         §
JAMES STEPHEN JONES,     §
    Petitioner-Defendant     §
         §

## GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 USC 3582(c)(2)

NOW COMES the United States of America, by and through the United States Attorney for the Western District of Texas, and files this supplemental response to Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 USC 3582(c)(2), and would show the Court as follows:

The undersigned wishes to correct a misstatement that was made in the Government Response to the Defendant's Motion to Modify. The United States stated, on Page 3 of its Response, that DPS Chemist Joel Budge testified to a fact at a preliminary examination. That fact dealt with the amount of controlled substances that could have been produced at the lab site. The United States failed to attribute the statement to Special Agent Brad Watson, of the Drug Enforcement Administration, who actually testified at the hearing. Agent Brad Watson testified at the preliminary examination as to the conclusion of DPS Chemist Joel Budge.  This same statement appears in Paragraph Number 95 of the Presentence Report and was relied upon by the probation office in calculating the drug quantity attributed to the Petitioner-Defendant.

At no time did the Petitioner-Defendant ever object to or disagree with the statement attributed to DPS Chemist Joel Budge. The amount of methamphetamine that reasonably could have been manufactured at the lab site, using the *chemicals* as well as the lab equipment found at the site,

07 0852

**FILED**

MAY – 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


Ex "C"

was well in excess of 1,000 grams. For the reasons stated in the Government's original response, the method of calculation used by the probation office in determining the drug quantity was reliable.

Wherefore, Government prays that the Petitioner-Defendant's motion be denied.

Respectfully submitted,

JOHNNY SUTTON
United States Attorney

By:    MARK L. FRAZIER
Assistant United States Attorney
800 Franklin, Suite 280
Waco, TX 76701
(254) 750-1580

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Supplemental Response to Defendant's Motion has been forwarded on this 3rd day of October, 2003, to the following:

James Stephen Jones
Reg. No. 56081-080
P. O. Box 26020
Beaumont, TX 77720-6020

MARK L. FRAZIER
Assistant United States Attorney

EX "C"

**FILED**

JAN 2 2 2004

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

UNITED STATES OF AMERICA §
Respondent, §
§
v. §           CIVIL ACTION NO. W-91-CR-055
§
JAMES STEPHEN JONES §
Movant §

ORDER

Movant brings this Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. §
3582(c)(2). He appears before the Court *pro se.* Having reviewed Movant's motion, the
Government's response, and the relevant law, the Court is persuaded the motion lacks merit and
should be DENIED.

I. Background

Movant is currently serving a 260-month sentence as a result of his conviction on four
counts of the Indictment and Superseding Information filed against him. Movant's motion is
based on count one of the Superseding Information, under which he was convicted of attempting
to manufacture between 100 and 1000 grams of a substance containing a detectable amount of
methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based on evidence recovered
from the Axtell, Texas laboratory and testimony from drug agents regarding the chemist's
findings, Movant was found to have been attempting to use the "ephedrine process" to
manufacture methamphetamine. The chemist's report reflected that the laboratory used by

07 0852

**FILED**

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex "D"



Movant was capable of producing 2.7 pounds of the drug using the ephedrine process. Movant's sentence was calculated based on the size and capability of the laboratory the defendant maintained, with a two-level enhancement for his role in the offense and his criminal history category, placing him in a guideline range of between 235 and 293 months incarceration on this count. In light of the 1993 amendments to the UNITED STATES SENTENCING COMMISSION GUIDELINES MANUAL ("U.S.S.G."), specifically Amendment 484 to Application Note 1 of § 2D1.1, Movant urges the Court to recalculate his sentence based on the amendment's definition of "mixture or substance" to exclude "waste water or chemicals seized before the end of processing." U.S.S.G.§ 2D1.1, cmt. n.1 (2003).

## II. Discussion

Movant's contention that his sentence should be modified based on the amended definition of "mixture or substance" found in Application Note 1 to U.S.S.G. § 2D1.1 is without merit. Testimony from Movant's trial evidences that his sentence for attempted manufacture of methamphetamine was determined using U.S.S.G. § 2D4.1 and was based upon the size and capability of the laboratory being operated and not on the substance that was actually recovered. U.S.S.G. § 2D4.1, cmt. n.1 (2003). Since Movant's sentence was not based on the amount of the substance recovered, there is no need for the Court to consider whether that amount included "waste water or chemicals seized before the end of processing." U.S.S.G. § 2D1.1, cmt. n.1 (2003). Chemist Joel Budge determined that the laboratory had the capacity to produce 2.7 pounds of the drug, in excess of the 1000-gram limit necessary for the base offense level into which Movant was placed. Agent Robert Wilkerson testified that the laboratory was missing a main chemical necessary for another conventional method of manufacturing methamphetamine.

Ex "D"    2

However, this does not in any way undermine the expert determinations of Chemist Budge as to the capability of the lab in regards to the ephedrine process of manufacturing. This evidence, as reflected in the presentence report, was neither contested nor objected to by Movant.

The case relied on by Movant, *United States v. Towe* is unpersuasive. 26 F.3d 614 (5th Cir.1994). In *Towe*, the defendant was convicted of conspiracy to manufacture and his sentence was based "on the 28.26 pounds...actually seized." *Id.* at 617. Contrary to *Towe*, Movant's conviction for attempted manufacture was clearly predicated on the capacity of the laboratory seized and not on the amount or mixture of chemicals obtained. Movant's reliance on *United States v. Levay* is likewise misplaced. 76 F.3d 671, 672 (5th Cir.1996). *Levay* did involve application of Amendment 484, however, the defendant in that case was convicted of possession with intent to distribute, whereas Movant in the case-at-bar was convicted of attempt to manufacture methamphetamine. Defendant Levay was sentenced based on the "total weight of the materials found in a 2 ½ gallon plastic container." *Id.* In contrast, Movant's sentence was based upon the capability of the laboratory to produce the drug and not on the actual recovery of the substances constituting methamphetamine.

It is ordered that the Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. §3582(c)(2) filed by James Stephen Jones is DENIED. It is further

ORDERED that any motions not previously ruled upon by this Court be DENIED. Finally, it is



ORDERED that this case be DISMISSED.

SIGNED this 2 2 day of _____ 2004.

_____
WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Ex "D"

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50143
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES STEPHEN JONES,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-55-1

_____

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

    James Stephen Jones, federal prisoner # 56081-080, appeals
the district court's denial of his motion to reduce sentence
pursuant to 18 U.S.C. § 3582(c)(2) in which he sought to
challenge his sentence following his guilty plea to attempted
manufacture of between 100 and 1000 grams of methamphetamine.
For the first time on appeal, Jones argues that the Government
failed to disclose laboratory reports in violation of <u>Brady v.
Maryland</u>, 373 U.S. 83 (1963), and that he is actually innocent of

07 0852

**FILED**

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Ex "E"

No. 04-50143
-2-

the amount of methamphetamine attributed to him. Jones may not raise these issues, which are not purely legal, for the first time on appeal. See Diaz v. Collins, 114 F.3d 69, 71 (5th Cir. 1997).

Jones argues that the district court erred in finding that the drug-quantity calculation was based on the capacity of the laboratory. A review of the record establishes that no inadmissible waste water, byproduct, or precursor chemicals were considered by the court in its drug-quantity calculation. See United States v. Allison, 63 F.3d 350, 353 (5th Cir. 1995); United States v. Manthei, 913 F.2d 1130 (5th Cir. 1990). Accordingly, the district court did not abuse its discretion by refusing to apply Amendment 484 to the Sentencing Guidelines to Jones's sentence. See United States v. Shaw, 30 F.3d 26, 28 (5th Cir. 1994).

Jones's alternative arguments that the theoretical drug quantity in the presentence report was unreliable and that the sentencing judge failed to make factual findings are not cognizable in a 18 U.S.C. § 3582 motion because they are not based upon a retroactive amendment to the guidelines. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

In a FED. R. APP. P. 28(j) letter, Jones argues that his sentence is invalid in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). This argument is likewise not cognizable in a 18 U.S.C. § 3582 motion as it is not based upon a retroactive amendment to the guidelines. See Shaw, 30 F.3d at 29.

Ex "E"

No. 04-50143
-3-

Jones also argues that the Government's failure to file a brief is a "new development" and requires that his allegations on appeal be accepted as true. The Government's decision not to file a brief is not a "new development" of any import.

AFFIRMED.

Ex "E"

3

CERTIFIED MAIL

Alberto R. Gonzales                                December 12, 2005
United States Attorney General
Office of the Attorney General
Main Justice Building
Tenth & Constitution Ave.                    - VERIFIED LETTER -
Washington, D.C. 20530


Re: ADMINISTRATIVE NOTICE OF MISCONDUCT COMMITTED BY YOUR
    WESTERN DISTRICT OF TEXAS DIVISION OF UNITED STATES
    ATTORNEY'S OFFICE


Dear Mr. Gonzales,

### I.

     Administrative notice is hereby given to you, personally,
Mr. Alberto R. Gonzales via Certified Mail No. 7004 2510 0004
2935 9759, informing **you** that on October 3, 2003 Mark Frazier
an assistant U.S. Attorney of the Western District of Texas
knowingly and intentionally **ALTERED THE FACTS OF MY CASE WHICH
PREVENTED ME FROM OBTAINING IMMEDIATE RELEASE** from federal
prison.

     Please be advised that in responding to my 18 USC §3582
(c)(2) motion Mark Frazier submitted the following **ALTERED** facts:

          "The amount of methamphetamine that reasonably could have
     been manufactured at the lab site, using the chemicals
     as well as the lab equipment found at the site, was well
     in excess of 1000 grams.

                    [Ex "A"]

     Your subordinate assistant U.S. Attorney **ALTERED** the facts
of my case to reflect that the **LAB EQUIPMENT** was used to
calculate my sentence.

### EVIDENCE OF ALTERATION

  1) In 1991, the government responded to my direct appeal,
page 14 stated:

          "as stated in the PSI, 'based on all the chemicals which
     were seized at the clandestine laboratory site,' appellant
     and others 'can be held responsible for 1000 plus grams
     of methamphetamine.'"

07 0852

**FILED**

[Ex "B"]

Ex "F"

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2) My PSI page 34 ¶95 states:

"According to investigators, DPS chemicals advised them
the above listed chemicals, which were found at the
laboratory site, was enough to produce one thousand plus
grams of methamphetamine."

[Ex "C"]

3) My PSI, page 48 ¶123:

"as a result of this investigation, based on all chemicals
were seized at the clandestine laboratory site, the
defendants can be held responsible for 1000 grams of
methamphetamine."

[Ex "D"]

4) My October 9, 1991 sentencing court adopted the PSI
recommendation that based on all the chemicals which were seized
at the clandestine laboratory, the defendants can be held
responsible for 1000 plus grams of methamphetamine.
(See 1 3d Supp. R, 16)

5) July 24, 2001 District Court denial of my §2255 motion:

"The uncontradicted testimony of the government chemist
reflected that over 1000 grams of finished methamphetamine
could have been produced from the chemicals present at
the lab site."

[See "E"]

Clearly, I was sentenced <u>based on the chemicals seized
at the lab site</u>. The U.S. attorney's office, PSI officer,
District Judge all have stated that I was sentenced based on
the chemicals seized at the lab site.

However, when I file a §3582(c)(2) motion to force the
government to extract the waste from the chemicals before
calculating my sentence, <u>YOUR</u> subordinate assistant attorney,
Mark Frasier, ALTERED the facts on my case to reflect I was
sentenced based on the lab equipment.

Even when I provided proof of his "error" he did not correct
it. As a result I am sentenced based on ALTERED FACTS which
prevent me from being released from prison.



## II.

Your subordinate assistant U.S. Attorney, Mark Frazier has allowed my sentencing Judge and the Fifth Circuit Judge to use altered facts [that I was sentenced based on lab capacity] to deny my release from prison.

Your subordinate assistant U.S. Attorney, Mark Frazier has falsified evidence in my case and failed to correct it when it was brought to his attention.  Thereby, allowing my district judge Walter S. Smith, Jr. and Fifth Circuit judge Edith H. Jones to use the altered facts [see Ex "F" and "G"] to deny me relief from my §3582 (c)(2) motion which would result in my immediate release!!

Mr. Alberto R. Gonzales, I request that you correct this alteration of the facts of my case [which violate my First, Fifth, Sixth, and Eighth Amendment rights;  Privacy Act rights under 5 USC §552a et seq, and my APA rights under 5 USC §701 et seq, inter alia] within ten (10) days.

If you do not take steps to correct this travesty of Justice and personally notify me via certified mail within ten (10) days of receiving this return receipt request - certified mail, I will consider your silence as and/or condoning your subordinate Assistant U.S. Attorney's (Mark Frazier, et al) altering the facts on my case **and** that you are acting in concert [with each other] with a knowing and reckless disregard of my constitutional and statutory rights and without a reasonable belief that such acts are legal.

After ten (10) days has elapsed without receiving word from you that you are correcting this travesty of justice, I will file the appropriate remedies in Washington, D.C. as it is impossible for me to file in the Fifth Circuit due to Judge Smith and Fifth Circuits Judge Edith Jones being defendants in this action.

I certainly hope that you do the right thing and correct this unconstitutional and unlawful actions of your employees, especially since these actions are keeping a person illegally imprisoned.

I look forward to hearing from you within ten (10) days. Thank you!

<u>YOU HAVE BEEN PERSONALLY ADMINISTRATIVELY NOTIFIED</u>

December 12, 2005                    Sincerely,

James S. Jones
Reg. No. 56081-080
P.O. Box 26020
Beaumont, TX 77720-6020

Ex "F"

3of4

## VERIFICATION

I, James S. Jones being duly sworn, depose and say that I have read the foregoing complaint and know the contents thereof and that the same are true of my own knowledge except the matters therein stated on information and belief; and as to those matters I believe them to be true. 28 USC §1746, executed on this the 12 day of December, 2005.

James S. Jones

cc: ACLU



16. A paper sack with a can and plastic bag with white powder substance; and

17. A bag with gray metallic-like substance.

95. According to investigators, DPS chemists advised them the above listed chemicals, which were found at the laboratory site, was enough chemicals to produce one thousand plus grams of methamphetamine.

96. In reference to the Ruger mini 14, model Ranch rifle which was found in the Winnebago, Daniel Meier advised he bought this weapon from Jerry Webb. Daniel Meier stated he assumed the weapon was stolen since he only paid $100.00. This weapon was later confirmed to be stolen.

97. During this investigation, it was learned Joseph Birdwell had lived in the mobile home which was located on the same property as the clandestine laboratory. Birdwell had lived there since approximately January, 1991. It was also discovered the laboratory was moved from its prior location in Bosque County to Birdwell's location in approximately March, 1991, when Jones started getting nervous about being in one location too long. Daniel Ray Meier knew Joseph Birdwell and got his permission to use the land near his mobile home to set up a laboratory.

98. On April 3, 1991, at approximately 10:45 p.m., a search warrant was executed at the residence of 3829 Charlton, the residence of James Stephen Jones and Nancy Oppenheim. Entry into this residence was made by the Waco Police Department Special Operations Unit. The following is a list of items that were seized from this residence:

Petitioner's PSI -1991

EX "G"

34

07 0852
FILED
MAY - 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

No. 91-8630

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES STEPHEN JONES,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

BRIEF FOR THE UNITED STATES OF AMERICA

## JURISDICTION

This is an appeal from a final judgment of the district court in a criminal case. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court properly considered facts underlying dismissed drug manufacturing counts in determining Appellant Jones' sentence.

2. Whether the plea bargain between Appellant and the government was adhered to and Appellant Jones' guilty plea was voluntarily and knowingly made.

07 0852

**FILED**

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


Ex "H"

Thus, because Appellant Jones did not avail himself of the opportunity to call and question the probation officer who prepared his presentence report, he cannot now complain that he was deprived of his rights. **United States v. Ammirato**, 670 F.2d 552, 557 (5th Cir. 1982).

For purposes here, there can be no serious argument that the district court erred in finding that the methamphetamine quantity implicated equaled at least the 1000 grams necessary to place Appellant in the level 32 category recommended by the probation officer and adopted by the district court.   As stated in the PSI, "based on all the chemicals which were seized at the clandestine laboratory site," Appellant and others "can be held responsible for 1000 plus grams of methamphetamine." (PSI ¶ 123).   Because Appellant Jones offered no rebuttal evidence whatsoever, the district court was free to adopt the PSI findings without further inquiry, and the hearsay aspect of the report is of no consequence because hearsay is admissible at sentencing.   In sum, the district court did precisely what it was supposed to do under the sentencing guidelines.

### II.   THE PLEA BARGAIN WAS ADHERED TO AND THE PLEA WAS VOLUNTARY AND KNOWING

(Responsive to Appellant's Brief, 18-24).

Appellant argues that the court effectively breached the plea agreement by punishing him for conduct which formed the basis of the drug offenses the government agreed to dismiss in exchange for Appellant's guilty plea. Specifically, Appellant

Ex "H"

2.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

### WACO DIVISION

FILED

JUL 24 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
              DEPUTY CLERK

JAMES STEPHEN JONES,           §
    Movant,                §
                 §       CIVIL NO. W-01-CA-212
                 §
v.                   §
                 §     CRIMINAL NO. W-91-CR-055(01)
UNITED STATES OF AMERICA,      §
    Respondent.            §

## ORDER

Movant brings this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. He asserts that his sentence should be vacated due to the Supreme Court's recent opinion in Apprendi v. United States, ___ U.S. ___, 120 S.Ct. 2348 (2000), and because he received ineffective assistance of counsel. He asserts a variety of other errors associated with his original conviction, including an allegation that the prosecutor committed perjury. Having reviewed Movant's motion, the file in this case, and the applicable legal authority, the Court has determined the motion lacks merit and should be denied without requiring the Government to respond.

Movant pled guilty to Counts Three and Five of an indictment charging him with using and carrying a firearm during a drug trafficking crime, a violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Movant additionally entered a plea of guilty to a superseding information charging him with attempted manufacture of between 100 and 1,000 grams of a substance containing a detectable amount of methamphetamine, a

07 0852

FILED

MAY - 8 2007

NANCY MAYER WHITTINGTON, CLER
U.S. DISTRICT COURT

Ex "I"    236



that has recently been discovered, nor has there been any type of Government misconduct which precluded Movant from raising these issues earlier.

Any claim presented by Movant relating to the underlying facts of this case are without merit. The record in this case, including the evidence presented at the detention hearing, the sentencing hearing, and the evidentiary hearing, as well as the factual basis for Movant's plea, which he swore was true, establish that Movant was a leader in a large-scale methamphetamine manufacturing ring. Movant admitted to the probation officer in the preparation of his pre-sentence investigation report that he participated in a number of methamphetamine "cooks," including the lab close to Axtell for which he was arrested. The uncontradicted testimony of the Government's chemist reflected that over 1,000 grams of finished methamphetamine could have been produced from the chemicals present at the lab site. The chemicals found could have produced methamphetamine either through an ephedrine manufacturing process or through the use of phenylacetone. Whether the methamphetamine constituted d- or l-methamphetamine is irrelevant because Movant's argument in this regard has already been rejected.

Movant's additional factual arguments are equally without merit. Movant argues that he was coerced into pleading guilty because the prosecutor threatened to prosecute his wife. The Court assumes that Movant is referring to his common-law wife, Nancy Oppenheim who was previously married to co-defendant Daniel Meyers. The record reflects that there probably was sufficient evidence which would

4



Ex "I"

K