**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **JAMES STEPHEN JONES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0852 (HHK)** |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT
IN GENUINE DISPUTE**

Pursuant to Local Rules 7(h) and 56.1, Defendant hereby submits the following

Statement of Material Facts Not In Genuine Dispute in support of its Motion to Dismiss or, in

the alternative, for Summary Judgment:

1.    On October 26, 2005, *pro se* Plaintiff James Stephen Jones submitted a Freedom of

Information Act ("FOIA") request seeking certain documents pertaining to his criminal

proceedings in the case of USA v. Jones, USDC No. W-91-CR-055 (W.D. Tex).  See

Declaration of David Luczynski ("Luczynski Decl.") at ¶ 4; Gov. Exh. A.

2.    The Executive Office of the United States ("EOUSA") received the FOIA request on

November 1, 2005.  Luczynski Decl. at ¶ 4.

3.    On December 1, 2005, the EOUSA sent a letter informing Plaintiff that he must submit a

Certification of Identity and also advised him that the December 1st letter was "a final

determination and [his] request has been closed."  Luczynski Decl. at ¶ 5, Gov. Exh. B.

4.      The December 1st letter also advised Plaintiff of his right to administratively appeal the

letter.  Gov. B, at p.2.

5.      To date, the EOUSA has not received a response to the December 1st letter from Plaintiff.

Luczynski Decl. at ¶ 6.

6.      To date, the EOUSA does not have any record showing that Plaintiff has filed any

administrative appeal pertaining to the December 1st letter.  Luczynski Decl. at ¶ 7.


Dated: October 9, 2007.                          Respectfully submitted,


                                                   /s/   Jeffrey A. Taylor
                                                 JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                 United States Attorney


                                                   /s/   Rudolph Contreras
                                                 RUDOLPH CONTRERAS, D.C. BAR #434122
                                                 Assistant United States Attorney

                                                   /s/   John C. Truong
                                                 JOHN C. TRUONG, D.C. BAR #465901
                                                 Assistant United States Attorney
                                                 555 Fourth Street, N.W.
                                                 Washington, D.C.  20530
                                                 (202) 307-0406

                                                 Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JAMES STEPHEN JONES** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-0852 (HHK)** |
| ) | |
| **U.S. DEPARTMENT OF JUSTICE** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 12(b)(1) and 56(c), Defendant hereby moves to dismiss the

above-captioned case for lack of subject matter jurisdiction or, in the alternative, for summary

judgment.  In support of the said Motion, Defendant refers the Court to the Memorandum of

Points and Authorities, the Declaration of Mr. David Luczynski, and the accompanying exhibits.

*Pro se* Plaintiff should take notice that any factual assertions contained in the affidavits

and other attachments in support of defendant's motion will be accepted by the Court as true

unless the plaintiff submits his own affidavits or other documentary evidence contradicting the

assertions in the defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for

summary judgment is made and supported as provided in this rule,
an adverse party may not rest upon the mere allegations or denials
of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth
specific facts showing that there is a genuine issue for trial.  If the
adverse party does not so respond, summary judgment, if
appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: October 9, 2007.                     Respectfully Submitted,

                                            __/s/   Jeffrey A. Taylor_____
                                            JEFFREY A. TAYLOR, D.C. BAR # 498610
                                            United States Attorney

                                            __/s/   Rudolph Contreras_____
                                            RUDOLPH CONTRERAS, D.C. BAR #434122
                                            Assistant United States Attorney

                                            __/s/   John C. Truong_____
                                            JOHN C. TRUONG, D.C. BAR #465901
                                            Assistant United States Attorney
                                            555 Fourth Street, N.W.
                                            Washington, D.C.  20530
                                            (202) 307-0406
                                            Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                                   |     |                                |
|-----------------------------------|-----|--------------------------------|
| **JAMES STEPHEN JONES**           | )   |                                |
|                                   | )   |                                |
| **Plaintiff,**                    | )   |                                |
|                                   | )   |                                |
| **v.**                            | )   | **Civil Action No. 07-0852 (HHK)** |
|                                   | )   |                                |
| **U.S. DEPARTMENT OF JUSTICE**    | )   |                                |
|                                   | )   |                                |
| **Defendant.**                    | )   |                                |

---

**MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,**
**FOR SUMMARY JUDGMENT**

**I.    Introduction**.

In this Freedom of Information Act ("FOIA") action, *pro se* Plaintiff James Stephen

Jones seeks certain documents pertaining to the criminal proceedings against him in the Western

District of Texas.  Plaintiff, however, failed to exhaust administrative remedies because he did

not respond to the Defendant's request for a Certification of Identity and he also failed to

administratively appeal the denial of his request.

For these reasons and those elaborated below, the Court should grant Defendant's Motion

to Dismiss or, in the alternative, for Summary Judgment and dismiss this action.

**II.    Factual Background**.

*Pro se* Plaintiff James Stephen Jones is currently an inmate in a federal penitentiary in

Beaumont, Texas.  Compl. at ¶ 3.  Plaintiff files this FOIA lawsuit seeking certain documents

pertaining to a criminal proceeding against him in the Western District of Texas.  Compl. at ¶ 1.

1

It appears that he is seeking documents relied upon by Chief Judge Walter S. Smith, Jr., to calculate his prison sentence.  Compl. at ¶ 1(a)-(c); Gov. Exh. A.

In his response to Plaintiff's FOIA request, on December 1, 2005,  Defendant sent a letter to Plaintiff advising him that before the Executive Office of the United States Attorneys ("EOSUSA") could process his FOIA request, he must correct "one or more deficiencies" to his FOIA request.  Luczynski Decl. at ¶ 5; Gov. Exh. B.  Specifically, the December 1st letter advised Plaintiff that he must provide a "notarized example of [his] signature or a certification of identity."  Id.  The letter also informed Plaintiff that "[t]his is a final determination and [his] request has been closed."  Gov. Exh. B, at p.2.  The letter also advised Plaintiff of his appeal rights.  Id.  To date, Plaintiff has neither responded to the December 1, 2005 letter nor filed an appeal.  See Declaration of David Luczynski ("Luczynski Decl.") at ¶ 6&7.

III.    **Standard of Review.**

A.  **Lack of Jurisdiction**

When reviewing a motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."  Warth v. Seldin, 422 U.S. 490, 501 (1975).  Where a motion to dismiss, however, presents a dispute over the factual basis for the Court's jurisdiction, the Court "must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss."  Phoenix Consulting, Inc. v. Rep. of Angola, 216 F.3d 36, 40 (D.C. Cir. 2000).  "The plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the

evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C.1998).

### B. Summary Judgment Standard

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Thus, to avoid summary judgment here, the Plaintiff (as the non-moving party) must present some objective evidence that would enable the Court to find he is entitled to relief. In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986). In Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." Anderson, 477 U.S. at 252; see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).

In <u>Celotex</u>, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment. <u>See</u> <u>Cappabianca v. Commissioner, U.S. Customs Serv.</u>, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. <u>Students Against Genocide v. Dept. of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001); <u>Weisberg v. U.S. Dept. of Justice</u>, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure. <u>Hayden v. NSA</u>, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980); <u>Church of Scientology v. U.S. Dept. of Army</u>, 611 F.2d 738, 742 (9th Cir. 1980); <u>Trans Union LLC v. FTC</u>, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  See also McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983), modified on other grounds, 711 F.3d 1076 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991); Public Citizen, Inc. v. Dept. of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

**IV.    Argument.**

Plaintiff's FOIA request is subject to dismissal for failure to exhaust administrative remedies because Plaintiff neither responded to Defendant's December 1, 2005 letter nor appealed the final determination closing his FOIA request.  Indeed, there is no evidence that Plaintiff filed any administrative appeal.  Luczynski Decl. at ¶ 7.

Pursuant to the FOIA, administrative remedies must be exhausted prior to seeking judicial review.  See Oglesby v. United States Dept. of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990).  A FOIA lawsuit "is subject to dismissal for lack of subject matter jurisdiction if [the plaintiff] fails to exhaust all administrative remedies."  Trueblood v. United States Dept. of the Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996); see also Dettmann v. United States Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986); Center to Prevent Handgun Violence, 981 F. Supp. at 23; Crooker v. United States Secret Serv., 577 F. Supp. 1218, 1219 (D.D.C. 1983).  Indeed, "strict enforcement of the exhaustion doctrine is favored in FOIA cases."  Center to Prevent Handgun Violence, 981 F. Supp. at 23.

In a FOIA case, exhaustion of administrative remedies is a condition precedent to judicial review.  Stebbins v. Nationwide Mutual Insurance, 757 F.2d 364, 366 (D.C. Cir. 1985).  Thus, a plaintiff's FOIA claims are subject to dismissal for lack of subject matter jurisdiction if he fails to exhaust administrative remedies.  Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986).

To satisfy the prerequisites of administrative remedies, a FOIA requester must appeal a final FOIA determination prior to bringing a claim in federal court.  See Hildago v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (noting that plaintiff's FOIA claim should have been dismissed because plaintiff failed to exhaust administrative remedies for not appealing the agency's denial of his FOIA request); Bestor v. FBI, 499 F. Supp.2d 4, 10 (D.D.C. 2007) (dismissing plaintiff's FOIA claim for failure to exhaust administrative remedies because he failed to file an administrative appeal); Clemmons v. Dep't of Justice, No. 06-0305, 2007 WL 1020796, * 5 (D.D.C. Mar. 30, 2007) (dismissing plaintiff's FOIA claim for failure to exhaust administrative remedies because plaintiff failed to file an appeal to the OIP as required).

Here, after receiving Plaintiff's FOIA request, on December 1, 2005, Defendant informed Plaintiff that he must submit a Certification of Identity before Defendant could process his FOIA request.  Luczynski Decl. at ¶ 5;Gov. Exh.B.  In that same letter, Defendant also advised Plaintiff that the December 1st letter is "a final determination and [his] request has been closed."  Gov. Exh. B at p. 2.  The letter also advised Plaintiff that he "may appeal [the] decision in this

matter." Id. Therefore, at that juncture, Plaintiff could have either sent in a Certification of Identity or appealed the December 1st letter.[1] Plaintiff failed to do either.

Under these facts, it is clear that Plaintiff failed to exhaust his administrative remedies prior to filing suit in federal court. Under the law, the Court should dismiss Plaintiff's FOIA complaint for lack of subject matter jurisdiction because he failed to exhaust administrative remedies.

**V.    Conclusion**.

For the foregoing reasons, the Court should grant Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment and dismiss the above-captioned matter.

Dated: October 9, 2007.                          Respectfully Submitted,

   /s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

   /s/   John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 Fourth Street, N.W.

---

[1]    Although Plaintiff's Complaint attached a Certification of Identity dated October 12, 2005 (Compl. at Exh. A, p.3), there is no evidence that Plaintiff actually sent a copy of it to Defendant and Defendant does not have a copy of this record. Luczynski Decl. at ¶ 5. Because Defendant did not have a copy of Plaintiff's Certification of Identity, Defendant informed Plaintiff of this deficiency and advised him to cure it. See Gov. Exh. B (Dec. 1, 2005 Letter). To date, Plaintiff has not cured this deficiency.

Washington, D.C.  20530
(202) 307-0406

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JAMES STEPHEN JONES** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-0852 (HHK)** |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss or, in the alternative, for

Summary Judgment, Plaintiff's Opposition thereto, and the entire record herein, it is _____ this

_____ day of 2007,

ORDERED that Defendant's Motion to Dismiss or, in the alternative, for Summary

Judgment be and is hereby **GRANTED**; and it is

FURTHER ORDERED that the above-captioned matter be and is hereby **DISMISSED**.

SO ORDERED.


_____

U.S. District Judge

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on October 9, 2007,  a copy of the foregoing <u>Defendant's Motion to</u>

<u>Dismiss or, in the alternative, for Summary Judgment</u> has been served by First-Class mail,

postage prepaid to:

JAMES STEPHEN JONES
#56081-080
P.O. Box 26020
Beaumont, TX 77720


        /s/   John C. Truong
        JOHN C. TRUONG

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES STEPHEN JONES,                    )
                                        )
              Plaintiff,                )
                                        )
      v.                                )
                                        )      Civil Action No. 07-CV-00852
UNITED STATES DEPARTMENT OF             )
JUSTICE and EXECUTIVE OFFICE OF         )
UNITED STATES ATTORNEYS,                )
                                        )
              Defendants.               )
_____ )

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, James Stephen Jones. I have reviewed the complaint which this Declaration addresses.

## CHRONOLOGY

4. On, October 26, 2005, Plaintiff submitted a FOIA request asking for a copy of documents relating to his criminal proceeding in the case of USA v. Jones. USDC No. W-91-CR-055. The EOUSA received this request on November 1, 2005. **Exhibit A.**

5. On December 1, 2005, the EOUSA responded to Plaintiff's FOIA request by asking Plaintiff to submit a Certification of Identity. **Exhibit B.** In this same letter, the EOUSA indicated that Plaintiff's FOIA request has been assigned a FOIA No. 05-3329. In addition, the letter stated that "[t]his is a final determination and that your request has been closed." **Exhibit B.** Although Plaintiff attached a Certification of Identity with his federal court Complaint (Plaintiff's Exh. A), the EOUSA never received a copy of the Certification of Identity and it has no record of such a document.

6. To date, the EOUSA has not received any response from Plaintiff addressing the deficiency raised in theDecember 1 letter pertaining to FOIA request No. 05-3329.

7. To date, Plaintiff has not appealed the EOUSA's December 1st determination.

Page 2 of 3

## CONCLUSION

8. Each step in the handling of Mr. Jones' request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 9th, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

CERTIFIED #7003 1680 0005 0389 6240

Executive Office for United States Attorney's
F.O.I.A./PA Act Staff
600 E. Street, N.W. Room 7300
Washington, D.C.  20530



Re:  Freedom of Information Act / Privacy Act Request of my Personal Files
     in USA v. Jones, USDC No. W-91-CR-055

Dear:

     My name is James Stephen Jones.  I am incarcerated at Beaumont FCI-Low.
On October 9, 1991 I was sentenced in the Waco Division of the Western
District of Texas, to 260 months.
     On July 24, 2003 I filed a 18 USC §3582(c) motion.  On October 3, 2003
Mark L. Frazier, AUSA filed a "Government's Supplemental Response to
Defendant's Motion to Modify Term of Imprisonment pursuant to 18 USC §3582(c)
which on page 1-2 states:

     "The amount of methamphetamine that reasonable could have been
     manufactured at the lab site using the chemicals as well as the lab
     equipment found at the site, was well in excess of 1000 grams."
     (emphasis in original)

     This is a request under the Freedom of Information Act, 5 USC §552 and
Privacy Act 5 USC §552a.

     I request that a copy of the following documents containing the following
information by provided to me:

I.  Criminal case proceedings of my case, USA v. Jones, USDC No. W-91-CR-055
    where:

    a. I was present before the U.S. District Judge Walter S. Smith, Jr.,
       and;

    b. Judge Smith calculated my sentence using the lab equipment seized
       at Axtell, TX labsite in April, 1991; and

    c. Where Judge Smith, in my presence, made a finding that the amount
       of controlled substances seized did not reflect the scale of the
       offense.

     In order to help determine my status to assess fees, you should know
that I am a individual seeking information for personal use and not for a
commercial use.

     I am aware that I am entitled to make this request under the Freedom
of Information / Privacy Act, and if your agency response is not satisfactory,
I am prepared to make an administrative appeal.  Please indicate to me the
name of the official to whom such appeal should be addressed.

     I am aware that if my request is denied I am entitled to know the grounds



GOVERNMENT
EXHIBIT
A

for this denial.

I am aware that while the law allows your agency to withhold specific categories of exempted information, you are required by law to release any segregable portions that are left after the exempted material has been deleted from the data that I am seeking.

I am willing to pay for fees for this request up to a maximum of $25.00. If you estimate that the fees will exceed this limit, please inform me first.

I request expeditious processing of this request because:

1. The information requested is exceptionally news worthy; and

2. The information sought involves "questions about the government's integrity."

The Department of Justice provides expeditious processing (memorandum from United States Dep't of Justice, office of Public Affairs (Feb 3, 1945)). See, also, Electronic Privacy Information Center v. F.B.I., 865 F.Supp 1 (D DC 1994).

I expect a reply within the statutory prescribed time limits of 20 days.

I have attached a certificate of Identity.

October 26, 2005                    Sincerely,

                                    James Stephen Jones
                                    Reg. No. 56081-080
                                    P.O. Box 26020
                                    Beaumont, TX 77720-6020



**U.S. Department of Justice**

DEC - 1 2005

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: <u>JAMES S. JONES</u>          Request Number: <u>05-3329</u>

Subject of Request:<u> SELF(SPECIFIC RCDS)</u>

Dear Requester:

    Your recent request for records from the Executive Office for United States Attorneys (EOUSA) has been received. Before the Executive Office can begin processing your request, it is necessary for you to correct one or more deficiencies. Please comply with the paragraphs checked below:

1.    [X] A requester must provide a notarized example of his/her signature or a certification of identity under penalty of perjury. This insures that information pertaining to an individual is released only to that person. A form is enclosed for your use.

2.    [ ] The files and records of United States Attorneys are maintained in over one hundred separate offices throughout the United States. Please identify the specific United States Attorney's office(s) where you believe records may be located. This would be primarily the district(s) in which a prosecution or litigation occurred.

3.    [ ] To insure that records are properly identified, provide subject's full name, current address, and date and place of birth.

4.    [ ]A request must describe the records sought in sufficient detail to allow location of the records with a reasonable amount of effort (i.e., processing the request should not require an unduly burdensome effort or be disruptive of Department operations). Please provide more specific information about the records you seek, such as appropriate dates, locations, names, nature of the records, etc.

    By making a FOIA/PA request, you agree to pay fees up to $25, as stated in 28 C.F.R. §16.3(c), unless you request a waiver of fees (according to requirements in 28 C.F.R. §16.11(k)). Indigency does not constitute a basis for a fee waiver. Please note that pursuant to 28 C.F.R. §16.11, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first

(Page 1 of 2)
Form No. 003 - 9/01


GOVERNMENT EXHIBIT
B

two hours which are free, and duplication fees are $0.10 per page
after the first 100 pages which are free.  Please do not send any
payment at this time!  If we anticipate that fees will exceed $25
or the amount you state in your letter (if greater than $25), we
will normally notify you of our estimate of fees.  After we have
received your agreement to pay for the expected fees (or you have
narrowed your request to reduce fees) and we have processed your
request, we will require payment for the accumulated charges
before we release any documents to you (in excess of 100 free
pages).  Without such payment, your request file will be closed
without further action.

        Once you have corrected the above deficiencies, please submit
a new request for the documents.  This is a final determination
and your request has been closed.  When we have received your new,
corrected request, we will open a new file for you.  Please send
your new, corrected request to the address above.

        You may appeal my decision in this matter by writing within
sixty (60) days from the date of this letter, to:

                    Office of Information and Privacy
                   United States Department of Justice
                       Flag Building, Suite 570
                       Washington, D.C.  20530

        Both the envelope and the letter of appeal must be clearly
marked "Freedom of Information Act/Privacy Act Appeal."

        After the appeal has been decided, you may have judicial
review by filing a complaint in the United States District Court
for the judicial district in which you reside or have your
principal place of business; the judicial district in which the
requested records, if any, are located; or in the District of
Columbia.

                              Sincerely,

                              Marie A. O'Rourke
                              Assistant Director

[√] Enclosure(s)