UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| James Stephen Jones,<br>    Plaintiff, | §<br>§<br>§ |
| v | §   Civil Case No. 07-0852(HHK)<br>§ |
| U.S. Department of Justice,<br>    Defendant | §<br>§ |

## BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

This is a freedom of information act ("FOIA") lawsuit seeking records, allegedly in custody of the defendant, which were used by the defendant in a federal court to deny plaintiff relief in his criminal case. Said records that plaintiff seeks and which the defendant introduced in court to deny plaintiff relief, completely contradicts what the defendant submitted: in plaintfiff's PSI; at plaintiff's sentencing on October 9,1991; and in defendant's 1992 response to plaintiff's direct appeal brief. Said records sought by plaintiff also contradicts the district court's July 24,2001 order denying plaintiff's §2255.

Defendant has filed a motion to dismiss or in alternative for summary judgment arguing that plaintiff failed to exhaust his administrative remedies; did not respond to defendant's request for a certification of identity and; did not appeal the denial of his request.

For the reasons stated herein, this court should deny defendant's motion to dismiss or, in the alternative, for summary judgment.

### STATEMENT OF FACTS

Plaintiff Jones' declaration in response to defendants' motion states on October 12,2005 plaintiff filed his FOIA request via certified mail to:

1

1) U.S. Attorney's Office FOIA/Privacy Act section in Waco, Texas [decl ¶ 11], attaching a certification of identity thereto [decl ¶¶11,15]; 2) Executive Office of U.S. Attorney's, FOIA/Privacy Act division, 600 E. St., N.W., room 7300, Washington, D.C. 20530 [decl ¶12], attaching a certification of identity thereto [decl ¶¶12,15]. Plaintiff submitted his certification of identity under penalty of perjury pursuant to 18 USC §1746 because a notary public was not available to him, [decl ¶16]. Plaintiff did not ever receive a response to his FOIA request from the defendant [decl ¶14], even though plaintiff waited almost 18 months before filing suit, [decl ¶17]. Defendant was given 10 days to correct the alteration of facts via administrative notification [via certified mail] or be considered part of government's misconduct, [decl ¶13].

The defendant's affidavit tells a different story. They claim that they timely answered plaintiff's FOIA request; that plaintiff did not include a certification of identity and; that plaintiff did not appeal the denial of his FOIA request.

## ARGUMENT

### POINT I

#### GRANTING OF THE DEFENDANT'S 12(b)(1) MOTION TO DISMISS IS INAPPROPRIATE

The defendant has raised a 12(b)(1) jurisdictional question as well as a motion for summary judgment. In context of a 12(b)(1). Jurisdictional issues are decided by the court, even if they involve questions of fact.

When a defendant supports it's attack on jurisdiction with supporting affidavits, the plaintiff has the burden of responding to the facts so stated. **Grand Lodge of Fraternal Order of Police v Ashcroft**, 185 F.Supp 2d 9,13(DDC 2001), if the plaintiff's and defendant's sworn proofs raise a disputed issue of material fact, the court should permit the case to proceed to trial where the contest jurisdictional issues and issues on the merits are both resolved, **Herbert v Nat'l Acad. of Sciences**, 974 F2d 192,197(D.C. Cir.1992).

Although the court "enjoy[s] substantial flexibility" in ruling on jurisdictional challenges, they should proceed cautiously in dismissing claims for lack of subject matter jurisdiction at an early stage if relevant facts are in dispute, **Mortensen v First Federal Savings and Loan Association**, 549 F2d 884, 892(3d Cir.1977).

In the instant case, plaintiff has shown below that there are genuine issues of material facts in dispute and that a trial is necessary to resolve these issues. However, if this court finds dismissal is appropriate, plaintiff, as an alternative, requests an evidentiary hearing to resolve the jurisdictional issues.

### POINT II

#### THERE ARE GENUINE ISSUES OF MATERIAL FACT THAT PRECLUDES MOTION TO DISMISS OR SUMMARY JUDGMENT FOR THE DEFENDANT

The defendant has asked for summary judgment as an alternative to it's motion to dismiss. Summary judgment is to be granted only if the record before the court shows "that there are no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," rule 56(c) Fed. R. CV.P.

A "material" fact is one that "might affect the outcome of the suit under the governing law," **Anderson v Liberty Lubby, Inc.**, 477 US 242,248(1986).

The affidavits submitted by the plaintiff and defendant are squarely contradictory as to whether the defendant responded to plaintiff's FOIA request and whether plaintiff attached a sworn certification of identity to his FOIA request.

The factual dispute is also material because where an agency fails to comply with FOIA's time limits for it's response, a requester is deemed to have exhausted his remedies and may seek judicial review, **See**, 5 USC §552(a)(b)(A) & (a)(6)(B). Thus, we have Congress; intent on these matters, in favor of plaintiff. Additionally, in **Electronic Privacy Information Center v FBI**, 965 F.Supp. 1(D.D.C.1994) the court allowed a requester to file suit without exhausting remedies when the government failed to timely respond to the requester's FOIA request, **See**, **also**, **Morrow v**

3

**FBI**, 2 F3d 642(5th Cir.1993).

The plaintiff not only acted within Congress' intentions on the matter, plaintiff Jones is allowed by this court to have deemed to have exhausted his remedies where the defendant has not complied with the FOIA time limits in responding.

Summary judgment is not appropriate in this case because a review of the record reveals there is a genuine issue as to material facts of the case, **Celotex v Catrett**, 477 US 317,322(1986). The role of the court is not to resolve any disputed facts but rather to determine whether the record as a whole supports any issues that require a trial, **Matsushita Elec. Indus. Co. v Zenith Radio Corp.**, 475 US 574,586(1986).

The sworn facts alleged by plaintiff Jones are evidence that plaintiff complied with 5 USC §552(a)(b)(A) & (a)(6)(B); **Electronic Privacy Information Center v FBI**, 865 F.Supp 1 (D.DC.1994) and **Morrow v FBI**, 2 F3d 642(5th Cir.1993), and is, therefore, deemed to have exhausted his administrative remedies and his FOIA request is properly before this court.

Second, as to the merits of plaintiff's FOIA request "[d]isclosure, not secrecy, is the **dominant** objective of the act," **Department of the Air Force v Rose**, 425 US 352(1976)(emphasis added), and as to plaintiff's FOIA request involving his criminal matters "exceptional and urgent need does exist which justifies put this request ahead of others. The public interest lies in assuring a complete and thorough adjudication of criminal matters. Such an interest outweighs that of those seeking materials inthe pursuant of less fundamental rights, "**Cleaver v Kelley**, 427 F.Supp. 80,81-82(D.DC.1976); **See, Also, Electronic Privacy Information Center v FBI**, 865 F.Supp. at pg. 2.

This court should deny defendant's motion to dismiss or, in the alternative, for summary judgment.

## POINT III

### THE COURT CAN RESOLVE THIS ISSUE BY IN CAMERA INSPECTION OF PLAINTIFF'S FOIA REQUESTED DOCUMENTS

Plaintiff asserts that the instant jurisdictional issue can be resolved by the courts in camera inspection of plaintiff's FOIA requested documents, order the defendant with a sworn affidavit attached to prove their genuineness. Plaintiff asserts that after the court inspects these so called documents and compares them with plaintiffs exhibits attached to his FOIA complaint, the court will find these defendants' documents either **do not exist** or are **altered**. To which goes to the truthfulness of the jurisdictional claims before this court, if the defendant has earlier submitted falsified documents to a federal court resulting in plaintiff being denied relief in his criminal case, then the veracity of the defendant's claims once again are highly suspect.

Clearly Plaintiff's FOIA complaint should not be dismissed under such circumstances. The defendant's motion to dismiss or in the alternative summary judgment should be denied.

Dated: October 18, 2007.

Respectfully Submitted

/s/ James Stephen Jones
James Stephen Jones
Reg. #56081-080
P.O. Box 26020
Beaumont, Texas 77720-6020

### CERTIFICATE OF SERVICE

I, James Stephen Jones hereby certify that I mailed a true and correct copy of the foregoing documents addressed to:

U.S. ATTORNEY'S OFFICE
Att: John C. Truong, AUSA
555 Fourth St. N.W.
Washington, D.C. 20530

On this the 18 day of October, 2007.

/s/ James Stephen Jones

5

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

James Stephen Jones, §
    Plaintiff, §
     §
v      §   Civil Case No. 07-0852(HHK)
     §
U.S. Department of Justice, §
    Defendant §

---

DECLARATION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

---

James Stephen Jones declares under penalty of perjury:

    1. I am the plaintiff in the above entitled case. I make this declaration in opposition to defendants' motion to dismiss or in the alternative, for summary judgment on my freedom of information requests of the defendant

    2. The defendant's affidavit claim, in summary, that on December 1, 2005 the defendants [EOUSA] responded to plaintiff's FOIA request; That the EOUSA requested plaintiff submit a certification of identity; That EOUSA never received a copy of the certification of identity from plaintiff; That plaintiff never responded addressing the deficiency of no certification of identity; That plaintiff did not appeal the EOUSA's December 1,2005 determination.

    3. The defendant is not entitled to summary judgement because there are genuine issues of material fact to be resolved. These issues are identified in the accompanying statement of disputed factual issues filed by plaintiff. The facts are set out in this declaration.

    4. On October 9,1991 I was sentenced by Walter S. Smith,Jr. in the Western District of Texas, Waco Division, based upon the chemicals seized at athe Axtell, Texas labsite.

    5. My PSI, paragraph 95, page 34 states chemicals found at labsite was enough to produce 1000+ grams of methamphetamine.

    6. The government, in their response to my direct appeal stated on page 15 "based of all chemicals which were seized at the clandestine laboratory site" appellant and others "can be held responsible for 1000 plus grams of methamphetamine", (PSI §123).

1

      **7.** That the district judge on July 24, 2001 denied my §2255 stating "the uncontradicted testimony of the government's chemist reflected that over 1000 grams of finished methamphetamine could have been produced from the chemicals present at the lab site,".

      **8.** That the defendant, in responding to my 18 USC §3582(c) motion, stated that my sentence was based upon the lab equipment.

      **9.** That the district Judge denied my §3582(c) motion because I was sentenced based upon capability of the laboratory not the chemicals seized.

      **10.** That the Fifth Circuit upheld the finding of the district court and the defendant that I was sentenced based upon capability of laboratory.

      **11.** That on October 12, 2005 I mailed a FOIA request to the U.S. Attorney's office; Western District of Texas, FOIA/Privacy Act, 800 Franklin, suite 280, Waco, Texas 76701 via certified mail #7003-1680-0005-0389-6226. That I attached a certification of identity.

      **12.** That on October 12, 2005 I mailed a FOIA request to the Executive Office for United States Attorney's, FOIA/Privacy Act, 600 E. Street, N.W. Room 7300, Washington, D.C. 20530, via certified mail #7003-1680-0005-0389-6240. That I attached a certification of identity.

      **13.** That on December 12, 2005 I mailed a certified letter to U.S. Attorney General (defendant) Administratively notifying him that his subordinates were altering material facts in a court of law, and gave him 10 days to correct it or he will be deemed part of the governmental misconduct.

      **14.** That I never recieved a response from the defendant concerning my FOIA request for copies of records showing I was sentenced based upon capability of the laboratory.

      **15.** Contrary to the defendant's affidavit, I did attach a certification of identity to both FOIA requests.

      **16.** That I was unable to get my certification of identity notarized because a notary public was not available to me during this time.

      **17.** Plaintiff waited almost 18 months before filing FOIA lawsuit.

      **18.** The foregoing factual allegations create a genuine issue of material fact and will, if proved at trial, entitle me to judgment, as explained in the brief submitted with this declaration.

    Pursuant to 28 USC §1746, I declare under penalty of perjury that the foregoing is true and correct.

    Executed on this the 13 day of October, 2007.

                                                  /s/ James Stephen Jones

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| James Stephen Jones,<br>    Plaintiff,<br><br>v<br><br>U.S. Department of Justice,<br>    Defendant | §<br>§<br>§<br>§ CV. Case No. 07-0852(HHK)<br>§<br>§<br>§ |

RECEIVED
OCT 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S STATEMENT OF DISPUTED FACTUAL ISSUES

Defendant U.S. Department of Justice has moved for a motion to dismiss or in the alternative for summary judgment. Pursuant to local rule of this court, the plaintiff submits the following list of genuine issues of material fact that require the denial of defendant's motion.

   1. WHETHER PLAINTIFF JONES ATTACHED A CERTIFICATION OF IDENTITY TO HIS FOIA REQUEST TO THE EOUSA.

   2. WHETHER DEFENDANT RESPONDED TO PLAINTIFF'S OCTOBER 12,2005 FOIA REQUEST TO THE EOUSA.

   3. WHETHER PLAINTIFF IS DEEMED TO HAVE EXHAUSTED HIS REMEDIES WHEN DEFENDANT DID NOT RESPOND TO HIS OCTOBER 12,2005 FOIA REQUEST TO THE EOUSA.

   4. WHETHER DEFENDANT MAILED ITS RESPONSE TO PLAINTIFF CONCERNING HIS OCTOBER 12,2005 FOIA REQUEST TO THE EOUSA.

   5. WHETHER U.S. ATTORNEY GENERAL'S FAILURE TO RESPOND TO PALAINTIFF'S CERIFIED ADMINISTRATIVE NOTICE OF ALTERING OF FACTS BY HIS SUBORDINATES MAILED TO HIM VIA CERTIFIED MAIL ON DECEMBER 12,2005 CONSTITUTES ADMISSION OF FACTS PRECLUDING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

Dated: October 18, 2007.

/s/ James Stephen Jones
Reg. #56081-080
P.O. Box 26020
Beaumont, Texas 77720-6020

1