UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES STEPHEN JONES,

    Plaintiff,

    v.

U.S. DEP'T OF JUSTICE,

    Defendant.

Civil Action No. 07-852 (HHK)

**MEMORANDUM OPINION AND ORDER**

In this action, Stephen Jones, proceeding *pro se,* alleges that the Department of Justice ("DOJ") violated the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552 *et seq.* Before the court is DOJ's motion to dismiss, or in the alternative for summary judgment, on the ground that plaintiff was required to, but did not, exhaust his administrative remedies before filing this suit. Jones opposes the DOJ's motion, arguing that genuine issues of material fact persist. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that DOJ's motion should be denied.

**I. FACTUAL BACKGROUND**

Jones is serving a sentence of imprisonment after being convicted in 1991 on federal drug charges in the Western District of Texas. He seeks records of the proceedings in his criminal case. There are very few undisputed facts in this record. It is undisputed that Jones made a FOIA request sometime in October 2005 to the DOJ by letter mailed to two of its offices, the Office of

the U.S. Attorney for the Western District of Texas and the Executive Office of the U.S. Attorneys.[1]  It is also undisputed that DOJ did not conduct the requested search or produce any records, and that Jones did not file an administrative appeal.

Several facts in this record are in dispute.  Jones attests that he attached to both of his FOIA letter requests a Certification of Identity ("COI").  (*See* Opp'n, Decl. of James Jones, Oct. 18, 2007 ¶¶ 11, 12.)  He attached to his verified complaint a copy of a COI dated October 12, 2005, the same date as his copies of the two letter requests.  (*See* Compl., Ex. B.)  The DOJ avers it has no record of receiving Jones' COI, and that it responded to Jones, requesting a COI and advising him of his appeal rights, including the 60-day filing deadline for any appeal.  (*See* Mot., Decl. of David Luczynski, Oct. 9, 2007 ¶¶ 4-6.)  Jones avers, in both his verified complaint and in his subsequent declaration that he never received a response to his FOIA letter requests.  (*See* Compl. at ¶ 7; Jones Decl. ¶ 14.)

## II. DISCUSSION

DOJ characterizes its motion to dismiss as one for lack of subject matter under Federal Rule of Civil Procedure 12(b)(1).  *See* Def.'s Mot. to Dismiss (identifying it as a motion under Fed. R. Civ. P. 12(b)(1)).  It is settled in this circuit, however, that exhaustion of administrative remedies in a FOIA case is **not** a jurisdictional bar to judicial review and, thus, is not a defense properly presented by a Rule 12 (b)(1) motion. *Hidalgo v F.B.I.,* 344 F.3d 1256, 1258 (D.C. Cir. 2003) (stating that the "exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so.").  Rather, the exhaustion requirement is a condition precedent to the

---

[1] There is not agreement on the date of the two FOIA letter requests.  The copies of the letters produced by Jones bear the date of October 12, 2005.  The copy produced by DOJ bears the date October 26, 2005.

bringing of a FOIA action. When a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirement, the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Hidalgo,* 344 F.3d at 1260. Accordingly, DOJ's motion to dismiss will be construed and analyzed as a Rule 12(b)(6) motion.

When a defendant files a motion under Rule 12(b)(6) and "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(b). Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. The nonmoving party, however, must do more than merely establish some "metaphysical doubt;" rather, the nonmovant must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

In a FOIA case, while failure to exhaust does not deprive the court of subject matter jurisdiction, "as a jurisprudential doctrine, failure to exhaust precludes judicial review if the

purposes of exhaustion and the particular administrative scheme support such a bar." *Hidalgo,* 344 F.3d at 1259 (internal quotation marks and citation omitted).  There can be little doubt that the purposes of exhaustion support such a prudential bar.  "Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* at 1258 (internal quotation marks and citations omitted).  In addition, generally, "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Id.* at 1259.  However, the FOIA itself provides that the exhaustion requirement is constructively waived where an agency has not executed its duties within the time limits provided.  5 U.S.C. §§ 552(a)(6)(C)(i); *see also Judicial Watch, Inc. v. Rossotti,* 326 F.3d 1309, 1310 (D.C. Cir. 2003) (concluding that the agency can cure its constructive waiver of the exhaustion requirement by providing the required notice to the requestor, even if tardy, before the requestor files suit).

Here, DOJ supports its motion to dismiss for failure to exhaust administrative remedies with a supporting declaration attesting that it "responded" to Jones' FOIA request by letter dated December 1, 2005.  (*See* Luczynski Decl. ¶ 5.)  This attestation is material to the DOJ's motion.  If Jones did not receive a response to his FOIA request, then the agency did not comply with its duty to make a determination within 20 days after receiving Jones' request and "immediately notify the person making such request" of its determination.  5 U.S.C. § 552(a)(6)(A)(i).  Consequently, if Jones did not receive a response, then by operation of statute, he constructively exhausted his administrative requirements.  5 U.S.C. § 552(a)(6)(C)(i).

Jones' verified complaint and his subsequent declaration, however, each state that Jones did not receive a response to his FOIA request. The existence of a letter, of course, does not establish that the letter was actually sent to or actually received by the intended recipient. Without proof that Jones received the letter, and in the face of Jones' statement under penalty of perjury to the contrary, and given the number of individuals and agencies involved in the chain of this disputed communication, it cannot be said that the evidence "is so one-sided that one party must prevail as a matter of law." *Liberty Lobby,* 477 U.S. at 252. This dispute of material fact is genuine.

### III. CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** that the defendant's motion to dismiss or for summary judgment be, and hereby is, **DENIED**; and it is further

**ORDERED** that within 30 days of the date of this Order, the defendant shall submit

(1) a statement that the COI dated October 12, 2005 and submitted with the complaint in this case does or does not satisfy the DOJ's request in its letter dated December 1, 2005; and

(2) a proposal of the dates by which (a) DOJ will produce documents resulting from its search pursuant to the FOIA requests, (b) DOJ will file a *Vaughn* index, if necessary, and (c) the parties will brief dispositive motions.

Henry H. Kennedy, Jr.
Dated: September 16, 2008                     United States District Judge