# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES STEPHEN JONES,

      Plaintiff,

      v.

U.S. DEP'T OF JUSTICE,

      Defendant.

Civil Action No. 07-852 (HHK)

## <u>MEMORANDUM OPINION</u>

Plaintiff James Stephen Jones, proceeding pro se, alleges that the United States Department of Justice ("DOJ") has not complied with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The matter is now before the court on defendant's second dispositive motion and plaintiff's motions for in camera inspection of documents (that have not been either identified or released), for appointed counsel, and to take judicial notice. The record unequivocally establishes that plaintiff has not exhausted his administrative remedies, a condition precedent to maintaining this lawsuit. Therefore, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and all pending motions will be denied as moot.

I.  BACKGROUND

Plaintiff is a prisoner who relies on prison staff to handle his outgoing and incoming mail.[1]  Plaintiff filed this lawsuit alleging that the DOJ had not responded to his FOIA request. The DOJ filed its first dispositive motion, supported by a copy of a letter responding to plaintiff's FOIA request, and stating that it had closed the case because plaintiff had not filed the required certificate of identity ("COI"), thereby failing to exhaust his administrative remedies.  Plaintiff submitted a sworn statement, supported by a copy of his COI, attesting that he had included a COI with his FOIA request, even though the DOJ had no record of receiving it.[2]  The record did not show conclusively whether or not the DOJ's response asking for a COI had ever reached plaintiff.  Construing the record facts in the light most favorable to plaintiff, the court denied the DOJ's first dispositive motion to dismiss the case for plaintiff's failure to exhaust his administrative remedies.  *See* Mem. Op., Sept. 16, 2008 at 5-6.  Thereafter, the DOJ determined that it would rely on the COI dated October 12, 2005, that plaintiff filed with his opposition.  *See* Def.'s Submission, Oct. 16, 2008 ("First Status Report") at 2.

---

[1]  Plaintiff contends that on multiple occasions, mail sent to him and by him has not reached the intended recipient.  *See* Pl.'s Objections to Defendant's Status Report Pursuant to the Court's Order of October 31, 2008 and Request for Appointment of Counsel; Fourth Motion to Take Judicial Notice.  In making the determinations in this FOIA suit, the court has been careful to hold plaintiff blameless for any failure to communicate due to possible failure on the part of prison staff to deliver mail as the sender intended.

[2]  The copy of the FOIA request and COI that plaintiff filed in support of his assertion bears a handwritten date — presumably in plaintiff's handwriting — of October 12, 2005.  The copy of the FOIA request without a COI that the DOJ filed in support of its position bears a date of October 26, 2005 in the same handwriting.  There is good reason to think that the COI dated October 12, 2005 was never received by the DOJ.

By letter dated October 14, 2008, the DOJ notified plaintiff that his multiple search requests had been aggregated into one, and that the fee for continuing to search and process the aggregated requests was estimated to be $56.00. *See* Ex. G. The letter also states that the FOIA "request shall not be considered received and further work shall not be completed until the requester agrees to pay the anticipated fees," and that if the requester did not respond within 30 days, the request would be closed. *Id.* When the DOJ did not receive a response within the allowed time, *see* Def.'s Submission, Nov. 21, 2008 ("Second Status Report"), it filed its second dispositive motion, now before the court, on the ground that plaintiff had not exhausted his administrative remedies.[3]

In response to the DOJ's October 14, 2008 letter regarding fees and aggregation, plaintiff states that he

> respectfully requests that this Honorable Court carefully oversee and supervise the Defendant's action in their search, copying and production of the requested documents and analyze any excuses of the Defendant with an eye towards Plaintiff's allegations of government fraud being true, and rule accordingly as this Court deems just and proper. ***Under such terms,*** Plaintiff agrees to pay the search and copying fees in the event this Court deems it necessary.

*See* Pl.'s Objections to Second Status Report, Dec. 12, 2008 ("Pl.'s Obj'ns"), Ex. A. at 8 (emphasis added).[4] Plaintiff also objects to the aggregation of his FOIA requests and asserts that

---

[3] In fact, the DOJ had sent the same aggregation and fee agreement letter to plaintiff in May 2006, but received no response. Plaintiff contends that he never received the earlier letter. *See* Plaintiff's Objections to Def.'s Second Status Report, Dec. 12, 2008, Ex. A. at 4 (stating that plaintiff did not timely receive the May 15, 2006 letter and did not see it until it was filed as an exhibit to the DOJ's First Status Report).

[4] Plaintiff claims that he did not receive the DOJ's October 14, 2008 letter, but saw it first as an exhibit to the DOJ's First Status Report. He also asserts that he responded to the letter by filing his Objections on the record. These Objections were not received either by the Court or by the DOJ, but are now part of this record, filed as Exhibit A to Pl.'s Obj'ns.

he is entitled to a public interest waiver of any fees, *see id.,* Ex. A, positions he reiterates in his

opposition to the DOJ's second dispositive motion, *see* Opp'n at 4-7.

## II.  ANALYSIS

On this record, there can be no genuine dispute as to the following facts:  (1) plaintiff has

not agreed — absent multiple conditions and a court order — to pay the search fees; (2) plaintiff

has not administratively appealed the agency's decision to aggregate his requests; and (3) that

plaintiff never applied for, let alone administratively appealed an adverse decision regarding, a

public interest waiver of the search and processing fees.

The FOIA incorporates a scheme of administrative appeals that are designed to permit an

agency "'the opportunity to exercise its discretion and expertise on the matter and to make a

factual record to support its decision.'"  *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1259 (D.C. Cir. 2003)

(quoting *Oglesby v. Dep't of Army,* 920 F.2d 57, 61 (D.C. Cir. 1990)).  "The exhaustion

requirement also allows the top managers of an agency to correct mistakes made at lower levels

and thereby obviates unnecessary judicial review."  *Oglesby,* 920 F.2d at 61.  Any decision by an

agency adverse to a requester must be appealed and resolved before it is entertained by a federal

district court; a federal district court is not the forum for the initial determination of a FOIA

requester's challenge to an agency's decision.  *See Cleary, Gottlief, Steen & Hamilton v. Dep't of*

*Health and Human Svcs.*, 844 F. Supp. 770, 780 (D.D.C. 1993) (stating in a FOIA case that "

federal district court is not the forum for an initial assertion of non-compliance").  "Where a

FOIA plaintiff attempts to obtain judicial review without first properly undertaking full

administrative exhaustion, his lawsuit is subject to immediate dismissal . . . ."  *Judicial Watch,*

*Inc. v. F.B.I.,* Civil Action No. 00-745 (TFH), 2001 WL 35612541, *12 (D.D.C. Apr. 20, 2001).

Fulfilling the FOIA's exhaustion requirement is, as a matter of jurisprudential doctrine, a condition precedent to filing a lawsuit, and failure to exhaust precludes judicial review. *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1259 (D.C. Cir. 2003).

A FOIA requester is deemed to have failed to exhaust administrative remedies whenever he does not comply with the fee requirements. *See Judicial Watch v. F.B.I.,* 2001 WL 35612541, *12. "Regardless of whether the plaintiff filed suit before or after receiving a request for payment, the plaintiff has an obligation to pay for the reasonable copying and search fees assessed by the defendant." *Trueblood v. U.S. Dep't of the Treasury, I.R.S.,* 943 F. Supp. 64, 68 (D.D.C. 1996) (citing *Pollack v. Department of Justice,* 49 F.3d 115, 120 (4th Cir.), *cert. denied,* 516 U.S. 843 (1995) (holding that payment of fees is a statutory requirement under the FOIA and that the filing of a FOIA suit does not relieve the requester of the obligation to pay). Even when a fee assessment comes "after the filing of [the] lawsuit, [a] plaintiff is obligated nonetheless to pay the fee or to seek from the agency either a fee waiver or a fee reduction." *Maydak v. U.S. Dep't of Justice,* 254 F. Supp. 23, 50 (D.D.C. 2003).

It is clear on this record that the administrative process has not run its course and that the issues presented are not ripe for judicial review. The agency has notified plaintiff of the estimated fees and has asked him to agree to pay the fees; the agency has no further obligation to plaintiff until plaintiff agrees to pay or takes an administrative appeal. Plaintiff has neither committed to paying the fees without conditions the court declines to accept, nor disputed the agency's aggregation decision or sought a fee waiver at the administrative level. Any dispute regarding the fees, the aggregation, or a fee waiver must first be raised and pursued to exhaustion in the administrative process before it will be entertained in a federal lawsuit. Accordingly,

because plaintiff has not exhausted his administrative remedies, the complaint will be dismissed

without prejudice, and all pending motions will be denied as moot.  A separate order

accompanies this memorandum opinion.


                                                    Henry H. Kennedy, Jr.
Date:  September 9, 2009                             United States District Judge